### No. 445
### SEIDL v. CARR

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4892.   Decided Feb. 25, 1924

923.   PLEADING—Petition for injunction held not to state a cause of action under facts of this case, an action to restrain sale of patent.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by Seidl and others to enjoin one John Carr from transferring certain patents. Seidl and others entered into an agreement with Carr whereby they agreed to put up $600 to procure a patent on a gas generator and in return were to receive 15 per cent of all profits derived from said generator however accrued. They claimed that Carr had sold the patent and was about to transfer the same to other parties. However, they did not allege the amount of the sale or that any money had been realized from the same. A demurrer was filed to the petition which was sustained by the trial court. The plaintiffs prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the agreement did not contain a stipulation that the plaintiffs did not agree to assign the patent or that a remedy at law was inadequate, the petition did not state a cause of action.

Attorneys—Turney and Sipe, for Seidl; Thurston, Kwis and Hudson, for Carr.

---

### No. 446
### ZAMOST v. ZAMOST REALTY CO. et al

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5340.   Decided April 11, 1924

1027.   RES ADJUDICATA—One who has obtained judgment against property alleging the ownership to be in another cannot later claime the property as her own.

VICKERY, P. J.

Epitomized Opinion
Published Only in Ohio Law Abstract

In a previous action by Karl Zamost for divorce against his wife, Bessie Zamost, she cross-petitioned alleging that Zamost was the owner of real property carried under the name of Zamost Realty Company and that she was destitute and has no property whatever. Karl Zamost was granted a divorce and Bessie Zamost was allowed $12,000 alimony partly secured by a mortgage on the real property upon which Bessie Zamost now brings this action to declare a trust in her on the ground that it is held as trustee for her and is in fact her property. The court below entered an order dismissing the petition. On appeal the Court of Appeals affirmed this order, holding:

1. The alimony awarded in the previous action was in fact a division of the property then owned by Karl Zamost.

2. Bessie Zamost was estopped from declaring this property to be hers as the question of ownership of the property was adjudicated in the previous action for divorce.

Attorneys—Reed, Meals, Orgill & Maschke, for Zamost; Scott & Bissell and David Perris, for Zamost Realty Co.; all of Cleveland.